Norma E. Ortiz, Esq. (4748)
ORTIZ & ORTIZ, L.L.P.
127 Livingston Street
Brooklyn, New York, 11201
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re

JEFF B. BERGER,                           Case No. 09-50715

                        Debtor.                 Chapter 11
----------------------------------------------------------X

### DEBTOR'S AMENDED APPLICATION FOR ENTRY OF ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

       Jeff B. Berger (the "Debtor"), by his attorneys Ortiz & Ortiz, L.L.P., respectfully represents:

### BACKGROUND

       1. The Debtor filed a chapter 13 bankruptcy petition on December 4, 2009. An order converting the case to a chapter 11 case was entered on February 25, 2010. The Debtor has remained in possession pursuant to 11 U.S.C. § 1107. No unsecured creditors's committee has been appointed in this case.

       2. The Debtor has had no less than three prior counsel in his bankruptcy case. The undersigned was retained by the Debtor on April 8, 2010.

       3. The Debtor has incurred over 90,000 dollars in unsecured debt. The Debtor is attempting to sell, subject to the Court's approval, his two Brooklyn co-operative apartments,

located at 601 Brightwater Court, Brooklyn, New York.  The Debtor sought the relief provided by Chapter 11 to reorganize his affairs.

## Jurisdiction and Venue

4.  The Court has jurisdiction over this motion.  The U.S. District Court referred to this Court jurisdiction pursuant to 28 U.S.C. sections 1334 and 157.  Moreover, this is a core proceeding arising under 28 U.S.C. 157.  Venue of this motion is proper pursuant to 28 U.S.C. 1409.

## Relief Requested

5.  The Debtor request that the Court enter an order, substantially in the form as the proposed order annexed as Exhibit A, setting the last date for filing proofs of claims and interests or around September 13, 2010.  Establishing the bar date on or around September 13th will ensure that creditors receive the 21 day notice period mandated by Fed. R. Bankr. P. 2002 (a)(7).

6.  Annexed hereto as Exhibit B is a proposed Notice of Deadline Requiring Filing of Proofs of Claim On or Before September 13, 2010.  The Debtor requests that the Court authorize the form of the notice and the manner in which it shall be served on all of the parties set forth therein, including 1) all known creditors and interest holders, 2) the governmental entities set forth in Fed. R. Bankr. P.  2002 (j) and Local Bankr. R. 2002-2, and 3) any other claimant or party in interest known to the Debtor.  The Debtor will mail the Notice by first-class mail, in a sealed, pre-paid envelope, to the aforesaid parties.

7.  In order for the Debtor to fully prosecute his case, he must determine the full amount of the claims asserted against him.  Pursuant to Fed. R. Bankr. P. 3003(c)(2), creditors are required to file a proof of claim if their claim is either not scheduled, or scheduled as disputed,

contingent, or unliquidated. However, in a chapter 11 case, the deadline for filing claims must be established by the Court pursuant to Fed. R. Bankr. P. 3003 (c)(3). The Debtor hereby request that the Court establish that deadline.

### **Notice**

8. Notice of this request was provided to the U.S. Trustee and any party that has filed a Notice of Appearance in this case. No creditor has participated either formally or informally in this case, so it respectfully submitted that notice to those parties is sufficient under theses circumstances. Furthermore, the Debtors believe that such notice is adequate given the fact that the relief sought herein is routine and administrative in nature.

9. No previous application for relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully request entry of the proposed order substantially in the form present granting the relief requested herein, and for any further relief deemed just.

Dated: Brooklyn, New York
      August 2, 2010

*S/ Norma Ortiz*
Norma E. Ortiz, Esq. (NO 0748)
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11220
Tel. (718) 522-1117
Debtors's Counsel

**Exhibit A**
(Proposed Order)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

JEFF B. BERGER,                                                    Case No.  09-50715

                      Debtor.                                     Chapter 11

--------------------------------------------------------X

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the Debtor and Debtor in Possession for an order, pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in section 101(5) of 11 U.S.C. §§ 101 *et seq.* (The "Bankruptcy Code"), against the Debtor which arose prior to the filing of the Chapter 11 petition on December 4, 2010, shall file a proof of such claim in writing so that it is received on or before September 13, 2010 (the "Bar Date"); and it is further

**ORDERED,** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before the date that is 180 days after the date of the order for relief; and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply

(a) Proofs of claim shall conform substantially to Official Bankruptcy Form No. 10;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("**CM/ECF**") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York; Conrad B. Duberstein U.S. Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800

(c) Proofs of claim shall be deemed timely filed only when received by the Clerk of the Court on or before the Bar Date;

(d) Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "**Schedules**") Docket Entry No. 16, if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as

set forth in the Schedules;

(c) Any holder of a claim that has already been allowed in this case by order of the Court;

(d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED,** that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims

amended thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

    (a) the United States trustee;

    (b) counsel to each official committee;

    (c) all persons or entities that have requested notice of the proceedings in this case;

    (d) all persons or entities that have filed claims in this case;

    (e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    (f) all parties to executory contracts and unexpired leases of the Debtor;

    (g) all parties to litigation with the Debtor;

    (h) the Internal Revenue Service for the district in which the case is pending and,

if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

and it is further;

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: Brooklyn, New York
_____, 20\_\_\_\_

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**
(Proposed Notice)

UNITED STATES BANKRUPTCY COURT　　　　　　　Hearing Date: August 12, 2010
EASTERN DISTRICT OF NEW YORK　　　　　　　　Time: 11:00 a.m.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

JEFF B. BERGER,　　　　　　　　　　　　　　　　Case No. 09-50715


　　　　　　　　　　　　　　　Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**NOTICE OF HEARING ON DEBTOR'S APPLICATION FOR ENTRY OF
ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**


**TO ALL CREDITORS AND OTHER INTERESTED
PARTIES OF THE ABOVE-CAPTIONED DEBTOR:**

　　　**PLEASE TAKE NOTICE** that on **August 12, 2010,** at 11:00 a.m. (the "Hearing Date") in the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271 Cadman Plaza East, Courtroom 3585, Brooklyn, New York, 11201 or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, to consider the entry of an order establishing a bar date.

　　　**OBJECTIONS**: Objections, if any, to the relief requested by the Debtor must be in writing, conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and must be filed and served no later than **4:30 p.m. on August 9, 2010,** (the "Objection Date"). In order to file an objection with the court, you must file the objection electronically at www.nysb.uscourts.gov. in portable document format or otherwise deliver the document to the Clerk of the Court at 271 Cadman Plaza East, Suite 1595, Brooklyn, New York, 11201. A copy of the objection must be delivered to the Chambers of the Honorable Elizabeth S. Stong, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, NY, 11201on or before the Objection Date. A copy of the objection must also be delivered to Ortiz & Ortiz, L.L.P., at 127 Livingston Street, Brooklyn, New York 11201, Tel. (718) 522-1117, Fax (718)

596-1302, E-mail: email@ortizandortiz.com in a manner calculated to ensure receipt no later than 4:30 p.m. on the Objection Date.  **IF YOU DO NOT FILE AND SERVE YOUR OBJECTION BY THE OBJECTION DEADLINE, THE COURT MAY NOT CONSIDER THE OBJECTION.**

If you did not receive a copy of the motion with this Notice, or have any comments or questions, please contact the undersigned and a copy of the motion will be provided to you.

The Hearing Date may be adjourned from time to time without further notice to creditors or other parties in interest other than by an announcement of such adjournment at the court on the date scheduled for the hearing or by letter docketed with the Clerk of the Court.

Dated: Brooklyn, New York　　　　　　　*S/Norma Ortiz*
August 2, 2010　　　　　　　　　　　　Norma E. Ortiz, Esq.
　　　　　　　　　　　　　　　　　　　Ortiz & Ortiz, L.L.P.
　　　　　　　　　　　　　　　　　　　127 Livingston Street
　　　　　　　　　　　　　　　　　　　Brooklyn, New York   11201
　　　　　　　　　　　　　　　　　　　Tel. (718) 522-1117
　　　　　　　　　　　　　　　　　　　Email@ortizandortiz.com
　　　　　　　　　　　　　　　　　　　Counsel for the Debtor